UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00169-TBR

KEVAN PALUSO                                                                                          PLAINTIFF

v.

SONNY PERDUE, SECRETARY
UNITED STATES DEPARTMENT OF AGRICULTURE                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Plaintiff, Kevan Paluso's ("Paluso") Motion to Alter, Amend, or Vacate the Court's Judgment. [DN 36.] Defendant, Sonny Perdue ("Perdue") has responded. [DN 37.] Paluso has replied. [DN 38.] As such, this matter is ripe for adjudication. For the reasons that follow, Plaintiff's Motion to Alter, Amend, or Vacate the Court's Judgment [DN 36] is **DENIED.**

### I. Background

Paluso filed suit in this Court alleging age discrimination, hostile working environment, constructive discharge, invasion of privacy, and intentional infliction of emotional distress. [DN 1 at 4-6.] This Court in a previously filed Memorandum Opinion and Order dismissed Paluso's claims of constructive discharge, invasion of privacy, intentional infliction of emotional distress, and his MSPB appeal due to lack of subject matter jurisdiction. [DN 34 at 14, 15.] This Court dismissed the remaining claims for a failure to effect timely service. [*Id.* at 22-26.] Paluso filed the present motion alleging an error of law was made and there is need to prevent manifest injustice.

### II. Legal Standard

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either

1

to reargue a case on the merits or to reargue issues already presented, see *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 U.S. Dist. LEXIS 25240, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted).

As another district court in this Circuit put it, "[w]here a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 U.S. Dist. LEXIS 73664, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 U.S. Dist. LEXIS 29881, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.,* 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

### III. Discussion

Paluso first argues he can show good cause for the Court to exercise its discretion to find service was executed in a reasonable time. Perdue argues Paluso has not shown good cause and had opportunity to present these arguments. The Court agrees with Perdue.

Paluso argues that there was a misstatement in his Response to the Motion to Dismiss that "changes the analysis significantly". [DN 36 at 2.] The fact Paluso argues that changes the Court's analysis is that Perdue was properly served on November 20, 2017. However, this fact is not new to the Court. Paluso made this fact known to the Court in his response to the Motion to Dismiss. [DN 29 at 20.] The Court considered this fact and still found service was not complete until January 28, 2019. [DN 34 at 6.] Paluso goes on to argue that the Court should reconsider its determination not to exercise its discretion. In the Court's Memorandum and Opinion, it weighed five factors that are commonly used when exercising discretion in this manner. [*Id.* at 23-24.] Those factors are:

> (1)whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent prejudice in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiffs, (whether dismissal might cause the plaintiffs suit to be time-barred by the statute of limitations); and (5) whether the plaintiffs have made diligent, good faith efforts to effect proper service of process.

*See e.g. Warrior Imps., Inc. v. 2 Crave*, 317 F.R.D. 66, 70 (N.D. Ohio 2016); *Winston v. Bechtel Jacobs Co., LLC*, No. 3:13-CV-192-TAV-CCS, 2015 U.S. Dist. LEXIS 31584, at *9 (E.D. Tenn. Mar. 16, 2015). The Court weighed those factors and determined dismissal was proper. Paluso now does nothing more than argue the Court should weigh those factors differently. A motion to alter, amend or vacate does not give "defeated litigants a second chance to convince the court to rule in their favor by presenting new explanation, new legal theories, or proof." *Acosta v. Off Duty Police Servs.,* 2017 U.S. Dist. LEXIS 102053 *3 (W.D. Ky. June 30, 2017). Paluso argued those five factors weighed in favor of the Court exercising its discretion in his response to the Motion to Dismiss [DN 29 at 20] and does so again now. The Court will not consider the merits of this argument as it has already done so.

Paluso also argues that the Sixth Circuit prefers resolving cases on their merits. This, again, is an argument the Court already considered. [DN 34 at 25.] Notwithstanding this argument, the Court found that there was no good cause to extend the time and further declined to use its discretion. "Manifest injustice has been defined as an error in the trial court that is direct, obvious, and observable…A showing of manifest injustice requires that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Grayhawk, LLC v. Ind./Ky. Reg'l Council, Local Union No. 64*, 2011 U.S. Dist. LEXIS 6714 *4 (W.D. Ky. Jan. 21, 2011). Paluso has not shown any such evidence that meets the standard of manifest injustice. The Court understood that a dismissal of the case would give a "harsh" result to Paluso when deciding to dismiss the case. Nonetheless, the Court decided dismissal was proper. Paluso has not supported his argument that there was a clear error of law or how manifest injustice will occur. Without such evidence, his motion must be denied.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Paluso's Motion to Alter, Amend or Vacate [DN 36] is **DENIED.**

**IT IS SO ORDERED.**

cc: counsel

4